UNITED STATES of America, Appellee,

v.

Rabindranauth PERSAUD, Ramanand Persaud, Defendants–Appellants.

No. 02–1714(L), 02–1715(CON).

United States Court of Appeals, Second Circuit.

Feb. 13, 2004.

Vivian Shevitz, South Salem, New York, for Appellants.

Lara Treinis Gatz, Assistant United States Attorney for the Eastern District of New York (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief; Peter A. Norling and Cecil C. Scott, Assistant United States Attorneys), Brooklyn, New York, for Appellee, of counsel.

PRESENT: LEVAL, SOTOMAYOR, and WESLEY, Circuit Judges.

### SUMMARY ORDER

Defendants-appellants Rabindranauth Persaud and Ramanand Persaud appeal from judgments of the United States District Court for the Eastern District of New York (Amon, J.) convicting them, following a jury trial, of conspiring to import, importing, and attempting to possess cocaine in the amount of five kilograms or more, in violation of 21 U.S.C. §§ 963, 952(a) and 846, respectively. Both defendants argue on appeal that (i) their convictions should be reversed because they received ineffective assistance from trial counsel and (ii) the district court improperly enhanced their sentences based on a speculative estimation of an earlier shipment of cocaine that had not been seized.

First, although a defendant with new counsel may assert ineffective-assistance claims on direct appeal, this Court has expressed a "baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Khedr,* 343 F.3d 96, 99–100 (2d Cir.2003) (citations omitted). One of the reasons for this aversion is that the allegedly ineffective counsel generally should be afforded the opportunity to explain the conduct at issue. *See id.* at 100. The Supreme Court recently noted that "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance." *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 1692, 1694, 155 L.Ed.2d 714 (2003) ("[I]neffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial."). Consistent with this approach, we decline to address the ineffective-assistance claims on this direct appeal.

Second, when a district court estimates for sentencing purposes the amount of drugs involved in a crime in the absence of a drug seizure, that estimate need only be established "by a preponderance of the evidence." *United States v. Prince,* 110 F.3d 921, 925 (2d Cir.1997). The district court in estimating that amount may rely on any information available to it, including evidence that would not be admissible at trial, *see* U.S.S.G. § 6A1.3 (1998), so long as it relies on "specific evidence—*e.g.,* drug records, admissions or live testimony." *United States v. Shonubi,* 103 F.3d 1085, 1089 (2d Cir.1997) (emphasis omitted). In *Prince,* this Court affirmed the district court's estimate of the quantity of marijuana contained in boxes that were not seized based upon the weight of other boxes of marijuana that were seized. *Prince,* 110 F.3d at 925. Here, the district court's estimate of the drug quantity in the shipment that was not seized was not clearly erroneous, given that the court, as in *Prince,* based its estimate on comparisons between the weights of both seized and un-seized shipments, as well as other relevant evidence received at a hearing held specifically for sentencing purposes.

For these reasons, the appeal of the judgments is AFFIRMED.